FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 NOV 12 P 12: 38
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERNON WRIGHT, #424-994
    Plaintiff

v.     :     CIVIL ACTION NO. GJH-15-3222

WEXFORD HEALTH SOURCES, INC.
PHYSICIANS ASSISTANT KELLY
   MURRAY
    Defendants

## MEMORANDUM

Vernon Wright has filed a civil rights complaint under 42 U.S.C. § 1983, seeking money damages against Wexford Health Sources, Inc. ("Wexford") and one of its employees, Physicians' Assistant Kelly Murray ("Murray"). Wright, a self-represented prisoner housed at the Maryland Correctional Training Center in Hagerstown, Maryland ("MCTC"), alleges that Murray failed to properly treat a growth on his fingers and left hand and did not provide additional diagnostic tests. ECF No. 1 at ¶¶ 5–6. Wright's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, will be provisionally granted pending computation of his initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(2). For reasons set forth herein, his state tort claim shall be dismissed without prejudice and his civil rights claim under the Eighth Amendment shall proceed solely against Murray.

Wright's allegation regarding the health care he received is couched preliminarily as a claim of negligence or medical malpractice. Allegations of negligence or malpractice are state tort actions, not civil rights claims. Because Wright also references the civil rights statute, 42 U.S.C. § 1983, his case will proceed as a claim under the Eighth Amendment. While Wright

could add a claim of medical malpractice pursuant to this Court's supplemental jurisdiction,[1] it is clear from the face of the Complaint that it was filed on pre-printed forms for a civil rights action filed pursuant to 42 U.S.C. §1983, and it will therefore be construed as such by this Court.

Wright does not indicate that he has complied with Maryland's Health Claims Arbitration Act, Md. Code Ann., Cts & Jud. Proc., §3-2A-02. The Act requires, as a condition precedent to filing suit for "damages of more than the limit of the concurrent jurisdiction of the [state] district court," filing of a claim with the Director of the Healthcare Alternative Dispute Resolution Office. *Id.*; *see also* Md. Cts & Jud. Proc., Code Ann. §3-2A-04(a). Maryland's state district courts have exclusive original jurisdiction over "an action in contract or tort, if the debt or damages claimed to not exceed $30,000, exclusive of prejudgment or postjudgment interest, costs, and attorney's fees." Md. Cts & Jud. Proc., Code Ann. §4-401. The instant Complaint seeks $650,000 in damages. Wright does not assert compliance with the Act prior to filing this action, and his claim of medical malpractice and negligence will be dismissed without prejudice.

Under § 1983, liability is imposed on "any person who shall subject, or cause to be subjected, any person . . . to the deprivation of any rights . . . ." A private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727–28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Md. Dep't of Pub. Safety and Corr. Servs.*, 316 Fed. Appx. 279, 282 (4th Cir. 2009). Murray is a person who may be held responsible for injury under the civil rights statute; Wexford, a corporation, may not, on the claims asserted here. Wexford shall be dismissed from this action.

---

[1] *See* 28 U.S.C. §1367(c).

This case shall proceed against Defendant Murray solely as a civil rights action alleging a failure to provide adequate and appropriate medical care in violation of the Eighth Amendment. A separate Order will follow.

11/12/2015
Date

GEORGE JARROD HAZEL
United States District Judge