FILED
U.S. DISTRICT COURT
**IN THE UNITED STATES DISTRICT COURT** DISTRICT OF MARYLAND
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

2016 MAY -6  A 9: 51

| | | |
|---|---|---|
| **VERNON WRIGHT, #424-994,** | * | CLERK'S OFFICE |
| | | AT GREENBELT |
| **Plaintiff,** | * | BY_____DEPUTY |
| **v.** | * | **Case No.: GJH-15-3222** |
| **WEXFORD HEALTH SOURCES, INC.,** | * | |
| *et al.,* | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Vernon Wright, a self-represented prisoner housed at the Maryland Correctional Training

Center in Hagerstown, Maryland ("MCTC"), sought money damages and alleged that Kelly

Murray ("Murray"), a Physician's Assistant ("PA") employed by Wexford Health Sources, Inc.

("Wexford"), failed to properly treat a growth on his fingers and left hand and did not provide

additional diagnostic tests. *See* ECF No. 1 at 2–3.[1] Initial examination of his Complaint led to

dismissal of Wright's state tort claim and a determination that his civil rights claim under the

Eighth Amendment could proceed solely against Murray. ECF No. 3. Presently pending before

the Court is Murray's unopposed Motion to Dismiss or, in the Alternative, Motion for

Summary Judgment.[2] ECF No. 7. No hearing is necessary for resolution of this Motion. *See*

Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion shall be granted.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated
by that system.

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 23, 2016, the Clerk of the Court
informed Wright that Murray had filed a dispositive motion; that Wright had seventeen days in which to file written
opposition to the motion; and that if Wright failed to respond, summary judgment could be entered against him
without further notice. Wright has failed to respond. Thus, while the Court will address the merits of the Motion, the

## I.    STANDARD OF REVIEW

Murray's motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, however, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165, 167.

---

Motion is also granted as conceded. *See White v. Wal Mart Stores, Inc.*, No. CIV.A. ELH-14-00031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) ("When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)).

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont, supra*, 637 F.3d at 448–49. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To adequately raise the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244–45 (discussing affidavit requirement of former Rule 56(f)). Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Balt.*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20, 2011 U.S. Dist. LEXIS 14266, at *62 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see also Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 Fed. Appx. 274 (4th Cir. 2008).

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party that fails to file a Rule 56(d) affidavit does so at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (citations omitted). But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court served as the functional equivalent of an affidavit." *Id.* at 244–45 (citations and internal quotation marks omitted).

Here, Wright, who has received copies of the exhibits that accompany the dispositive motion, has not requested additional material needed to defend Murray's motion, nor has he filed an affidavit under Rule 56(d), suggesting that additional discovery is needed. The Court is satisfied that it is appropriate to address Murray's motion as one for summary judgment. Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in relevant part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Supreme Court has clarified that Rule 56(a)'s standard does not mean that any factual dispute will defeat the motion. Rather, the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247–48 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d

514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). Because Wright is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). But the Court must also abide by its "'affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (citations and internal quotation marks omitted).

## II.   DISCUSSION

### A.  Plaintiff's Allegations

Wright alleges in his Complaint that he was treated by Murray for a wart on his fingers on the left hand, resulting in pigmentation and "deformation, pain, and an inability to fully use" his left hand. ECF No. 1 at 1. Wright indicates that the injuries will impair his job performance upon release because he works as a professional cook. ECF No. 1 at 2. Wright also alleges that Murray refused "to provide a CT/PET scan" and that she informed Wright that "the side effects, the pain, and pigmentation was all normal to a 'wart' removal." *Id.* at 3.

### B.  Murray's Response

On April 28, 2014, Wright received a prison medical intake screening during which he made no mention of pain or irritation related to warts on his hands. ECF No. 8-1at 1–5.[3] His first examination by Murray occurred on May 1, 2014. During this encounter, Wright revealed the presence of two warts on the left hand that had been present for five years. *Id.* at 6. Murray

---

[3] Because Wright's medical records provide sensitive personal information, Murray's Motion to Seal those exhibits will be granted. ECF No. 8; *see also Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011) (noting that sensitive medical information may be sealed so long as scope of request is not too broad).

diagnosed the warts, one on the left middle finger and a smaller one on the left index finger, as condylomata.[4] *Id.* at 7. Wright was referred for further treatment and evaluation of the warts. *Id.* at 8.

On June 2, 2014, Wright was seen by Murray for a scheduled provider visit related to the warts and other concerns. *Id.* at 10–11. Murray treated the warts with Podocon 25[5] and Trichlor,[6] and noted that she would follow up with Wright in one week. *Id.*

During a June 10, 2014 follow-up visit, it appeared the warts were responding to treatment and the smaller wart needed no additional treatment. *Id.* at 12–13. The larger wart was treated with Podocon 24 and Tri-Chlor, and a follow-up visit was scheduled for the following week. *Id.*

On June 25, 2014, Murray noted the larger wart no longer was responding to treatment, and added Mediplast[7] pads to be used in between treatments to maximize treatment response. *Id.* at 14–15.

On July 2, 2014, Murray noted that the wart was responding well to the three medications and the treatment would continue. *Id.* at 16–17. Continuing progress was noted during subsequent visits on July 9, July 23, August 1, August 8 and September 9, 2014. *Id.* at 18–30.

---

[4] Condylomata, also known as genital warts, can be found anywhere on the body, including hands. *See Warts and Plantar Warts – Cause*, WebMD (April 25, 2016), http://www.webmd.com/skin-problems-and-treatments/tc/warts-and-plantar-warts-cause.

[5] Podocon 25 is a topical resin used to treat warts. *See Podocon-25*, Drugs.com (April 25, 2016), http://www.drugs.com/mtm/podocon-24-topical.html.

[6] Tri-Chlor (trichloroacetic acid) is commonly used to treat warts. *See Tri-Chlor*, Drugs.com (April 25, 2016), http://www.drugs.com/pro/tri-chlor.html.

[7] Mediplast is a topical agent containing salicylic acid and used to treat acne, dandruff, and psoriasis, and to remove corns, calluses and warts. *See Mediplast*, Drugs.com (April 25, 2016), http://www.drugs.com/mtm/mediplast.html.

On September 17, 2014, Wright was seen by Monica Stallworth, M.D. for a scheduled provider visit related to the wart, because Murray was on a three-week vacation. During that visit, Wright admitted to picking at the wart. *Id.* at 31–32. On October 3, 2014, he declined a second visit with Dr. Stallworth, indicating he preferred to be treated by Murray and asking that he be rescheduled to be seen by her. *Id.* at 33–34.

On October 20, 2014, Murray noted that the wart was gone, but had been replaced by a keloid scar.[8] *Id.* at 37–38. Wright consented to treat the keloid with an injection of Kenalog.[9] *Id.*

On November 10, 2014, Murray noted that the keloid had improved greatly and ordered a second injection of Kenalog, which she believed would be sufficient to complete treatment of the scar. *Id.* at 41–42. The injection was given on November 14, 2014, and Wright was advised to follow up as needed. *Id.* at 43–44.

On January 28, 2015, Wright was seen by Murray for a scheduled provider visit and raised no complaints or concerns relating to warts or keloid scarring. *Id.* at 45–46. On August 10, 2015, Murray processed Wright's request for medication refill related to back pain. *Id.* at 49–50. This lawsuit was initiated on October 21, 2015. ECF No. 1.

### C. Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment, *see Gregg v. Georgia*, 428 U.S. 153, 173, 96 S. Ct. 2909 (1976), and "[s]crutiny under the Eighth Amendment is not limited to those

---

[8] A keloid is a non-cancerous scar that grows larger than the original injured area. Keloids are more common in individuals with dark skin pigmentation. The condition is hereditary and can be painful. *See Keloid Scars – Topic Overview*, WebMD (April 25, 2016), http://www.webmd.com/skin-problems-and-treatments/tc/keloid-scars-topic-overview.

[9] Kenalog contains a corticosteroid, triamcinolone, that reduces chemicals in the body that cause inflammation. It is often used to reduce the size of keloid scars. *See Kenalog*, Drugs.com (April 25, 2016), http://www.drugs.com/kenalog.html.

punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321 (1991)). In order to state an Eighth Amendment claim for denial of medical care, a prisoner must demonstrate that the actions of the defendant—or her failure to act—amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837, 128 S. Ct. 1970 (1994). Additionally, the medical condition at issue must be objectively serious. *See Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (noting that there is no expectation that prisoners will be provided with unqualified access to health care).

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F. 3d 101, 105 (4th Cir. 1995) (quoting *Farmer* 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [she] responded reasonably to the risk, even if the harm was not ultimately averted." *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000) (noting that

8

focus must be on precautions actually taken in light of suicide risk, not those that could have been taken (citing *Liebe v. Norton*, 157 F.3d 574, 577 (8th Cir.1998))).

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones*, 145 F. 3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. *Id*. at 169 (noting that actions inconsistent with an effort to hide a serious medical condition refutes presence of deliberate indifference). In essence, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). Further, the right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable*." *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977) (emphasis added).

The record evidence indicates that Wright's need for treatment was addressed. The fact that a scar developed after the wart was destroyed does not reflect deliberate indifference to a serious medical need. Although Wright now claims to suffer pain and loss of use of his hand, his failure to seek treatment for such conditions belies his claim.

Wright has failed to establish a violation of his Eighth Amendment right based on the medical care provided by Murray. Accordingly, Murray's motion for summary judgment is granted and this action is dismissed. A separate Order follows.

Dated: May  ⟋⟋ , 2016

GEORGE J. HAZEL
United States District Judge